**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ALPHONZO H. HILL, | : | Case No. 3:12-cv-173 |
| Plaintiff, | | |
| | | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Michael J. Newman |
| DOUGLAS M. RASTATTER, *et al.*, | | |
| Defendants. | : | |

_____

### REPORT AND RECOMMENDATION[1]
_____

Plaintiff was granted leave to proceed *in forma pauperis* pursuant 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of his complaint (doc. 2) to determine whether it should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A complaint has no arguable factual basis when its allegations are "fantastic or delusional"; and no arguable legal basis when it presents "indisputably meritless" legal theories -- for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (2000).

_____

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). While *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (2010) (applying the *Iqbal* and *Twombly* dismissal standards to § 1915(e)(2)(B)(ii)).

*Pro se* Plaintiff, who is currently an inmate at the Chillicothe Correctional Institution after being convicted in the Clark County, Ohio Common Pleas Court, brings this action pursuant to 42 U.S.C. § 1985 against Clark County Commons Pleas Judge David Rastatter, Clark County Prosecutor David A. Wilson, and Clark County Public Defender Ronald E. Morris. Doc. 2 at PageID 8-9. He claims these individuals conspired together to unlawfully convict him. His complaint reads as follows:

> Defendants Rastatter and Morris without lawful authority tried and prosecuted Plaintiff for criminal charges not filed pursuant to Ohio law and the Fourth Amendment of the U.S. Constitution. Thereby denying Plaintiff of all legal right to appeal. Defendant Wilson conspired with Rastatter and Morris to convince Plaintiff that lawful charges were filed against him. Defendant Wilson committed fraud by not objecting to the pro forma procedures against Plaintiff as no substantive law was invoked in the county courts. In the jurisprudence of Ohio, nothing is more firmly settled than the principal that criminal law of the state is statutory, and this applies to procedural as well as substantive law. There can be no statutory remedial law imposed, tried, or decided without a substantive law being first invoked.

*Id.* at PageID 10.

>Plaintiff then requests the following relief:
>
>Plaintiff moves this Court to award him $2,000,000.00 from each named defendant, $1,000,000.00 in punitive damages and $1,000,000.00 in compensatory damages. Further injunctive relief for the true cause of his detention not shown in the record and any other remedy which law and justice demand.

*Id.* at PageID 11.

Plaintiff has failed to state a cognizable § 1985 claim against Defendants. Under the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), a prisoner cannot state a cognizable claim for damages under § 1983 or § 1985 "if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ *habeas corpus*." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (citing *Heck*, 512 U.S. at 486-87).

In this action, Plaintiff is essentially attacking the lawfulness of his conviction. However, he has not shown that his criminal conviction has been set aside. Therefore, under *Heck*, he is barred from bringing an action under § 1983 or § 1985 at this time. *See Lanier*, 332 F.3d at 1005-06.

Further, Plaintiff's claim for equitable relief fails because his sole federal remedy is in *habeas corpus* under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

Accordingly, Plaintiff's complaint is subject to dismissal, pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(b), for failure to state a claim upon which relief can be granted. The Court therefore **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and this case be **CLOSED**.

In addition, the Clerk of Courts is **ORDERED** to mail to Plaintiff the forms to file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.

June 13, 2012 s/ **Michael J. Newman**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).