# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ALPHONZO H. HILL, | : | Case No. 3:12-cv-173 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| | : | |
| DOUGLAS M. RASTATTER, *et al.* | | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1] THAT (1) *PRO SE* PLAINTIFF'S POST-JUDGMENT MOTION (DOC. 12) BE DENIED; AND (2) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET

This matter is before the Court upon *pro se* Plaintiff's "objection and motion for relief from the Court's Orders of 9-25-2012." Doc. 12. The Court liberally construes *pro se* Plaintiff's post-judgment motion as a Rule 59(e) motion to alter or amend judgment.[2] *See Hood v. Hood*, 59 F.3d 40, 43 n.1 (6th Cir. 1995). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). The Court may alter a judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff states, "The Federal Rules are not relied upon by the Plaintiff for relief from the Order of the Court or to correct clerical errors by the Clerk." Doc. 12 at PageID 38. As "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration . . . [p]ost-trial motions seeking to review an earlier judgment are filed pursuant to either Rule 59 or Rule 60." *Hood*, 59 F.3d at 43 n.1. Generally, in a situation such as this – when the post-judgment motion is ambiguous as to whether it is filed under Rule 59 or Rule 60, but is timely filed within the Rule 59(e) deadline (now 28 days) – the Court construes the motion as a Rule 59 motion. *See id.* The Court further finds this is appropriate because "the standard for granting a Rule 60(b) motion is higher than the standard for a Rule 59(e) motion." *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 824 (6th Cir. 2008).

Plaintiff challenges the Court's Decision and Entry adopting the undersigned's Report and Recommendation, dismissing his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted, and terminating the case. *See* docs. 3, 9. First, contrary to Plaintiff's incorrect assertion, the undersigned had authority to issue a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Second, because Plaintiff failed to specify how the Court has jurisdiction over his case, in the interest of justice, it carefully read his complaint and construed it as asserting claims against state officials pursuant to 42 U.S.C. § 1983 and/or § 1985. (In his complaint, Plaintiff claims that he was prosecuted "without lawful authority" in violation of the Fourth Amendment, and that the named defendants (a Common Pleas Court judge, a prosecutor and public defender) "conspired . . . to convince [him] that lawful charges were filed against him." Doc. 2 at PageID 10.) As explained in the Report and Recommendation, pursuant to the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff is barred from bringing such § 1983 and § 1985 claims challenging the lawfulness of his conviction. *See* doc. 3 at PageID 14. In his post-judgment motion, Plaintiff has failed to show how the Court otherwise has jurisdiction over his case.[3] Accordingly, his *pro se* post-judgment motion should be denied.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's *pro se* post-judgment motion (doc. 12) be **DENIED**; and

2. This case remain **TERMINATED** on the Court's docket.

October 17, 2012            s/ Michael J. Newman
                                                                  United States Magistrate Judge

---

[3] Plaintiff bears the burden of proving federal subject matter jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005).

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).