IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ALPHONZO H. HILL, | : | Case No. 3:12-cv-173 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| | : | |
| DOUGLAS M. RASTATTER, *et al.* | | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(4) (DOC. 15) BE DENIED; AND (2) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

This matter is before the Court upon *pro se* Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4), wherein he claims the Court's judgment should be deemed "void." Doc. 15. Relief from a "void" judgment under Rule 60(b)(4) is warranted in two limited circumstances: (1) there was "jurisdictional error"; or (2) there was "a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, ___ U.S. ___, 130 S. Ct. 1367, 1377 (2010); *see also Ne. Ohio Coalition v. Husted*, 696 F.3d 580, 601 (6th Cir. 2012). Plaintiff has failed to make either showing here. *See* doc. 15. Further, the Court has liberally construed Plaintiff's motion, and there is no suggestion therein, or in the record, that he be entitled to relief because of mistake, newly discovered evidence, fraud, or any other grounds for relief under Rule 60(b).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

2

In his motion, Plaintiff makes reference to the Court's Order staying the case while the undersigned's Report and Recommendation was pending before the District Judge.  *See* doc. 8.  Recognizing this case was dismissed at the outset under 28 U.S.C. § 1915(e)(2)(B) and never proceeded to the discovery stage, Plaintiff's concerns regarding a discovery stay are, as a legal matter, irrelevant to the Court's decision to dismiss his claims.  Moreover, there is no evidence that any discovery abuses occurred.

Accordingly, for the above reasons -- and for the reasons stated more fully in the undersigned's October 17, 2012 Report and Recommendation that Plaintiff's first post-judgment motion be denied, *see* doc. 13[2] -- the Court **RECOMMENDS** that his current motion for relief from judgment pursuant to Rule 60(b)(4) (doc. 15) be **DENIED**; and this case remain **TERMINATED** on the Court's docket.

February 25, 2013                                             s/ Michael J. Newman
                                                              United States Magistrate Judge

---

[2] Following the Court's *sua sponte* dismissal of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted, *see* docs. 3, 9, Plaintiff filed a *pro se* post-judgment motion.  Doc. 12.  The undersigned, liberally construing that motion as one to alter or amend judgment under Rule 59(e), recommended that it be denied.  Doc. 13.  Plaintiff filed objections to that Report and Recommendation, which are now pending before the Court.  Doc. 14.

2

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).