IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALPHONZO H. HILL, | : | |
| Plaintiff, | | Case No. 3:12-cv-173 |
| v. | : | DISTRICT JUDGE WALTER H. RICE |
| DOUGLAS M. RASTATTER, et al., | | MAGISTRATE JUDGE MICHAEL J. NEWMAN |
| Defendants. | : | |

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) OVERRULED; PLAINTIFF'S POST-JUDGMENT MOTION DENIED (DOC. #12)

---

Pending before the Court is Plaintiff Alphonzo H. Hill's Motion for Relief from the Court's Order of 9/25/2012 (Doc. #12). Hills seeks reinstatement of his claim, after the Court adopted the recommendation of Magistrate Judge Newman (Doc. #3), and dismissed his complaint without prejudice under 28 U.S.C. §1915(e)(2) and 28 U.S.C. § 1915A(b).[1] Doc. #9.

---

[1] 28 U.S.C. §1915(e)(2) provides that, for proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Section 1915A(b) provides the same bases for dismissing a complaint, but provides for *sua sponte* review of the prisoner's complaint upon or before being docketed.

1

Based upon the reasoning and citations set forth by the United States Magistrate Judge, in his Report and Recommendations, filed October 17, 2012 (Doc. #13), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court adopts the aforesaid Report and Recommendations, and OVERRULES Plaintiff's Objections (Doc. #14) thereto.

Plaintiff's post-judgment motion (Doc. #12) is DENIED. The above-captioned case shall remain terminated upon the Court's docket.

Plaintiff is DENIED leave to appeal *in forma pauperis,* given that any appeal from this Court's judgment would be objectively frivolous.

In ruling on Plaintiff's Objections, the Court wishes to emphasize the following. In the initial Report and Recommendations, the Magistrate Judge construed Plaintiff's complaint as an attempt to state a claim under 42 U.S.C. § 1985 for a conspiracy to violate civil rights, because Plaintiff alleged a conspiracy among county officials that resulted in Plaintiff being "tried and prosecuted," in violation of Ohio law and the Fourth Amendment. Doc. #3 at 2. The Magistrate Judge reasoned that Plaintiff was "essentially attacking the lawfulness of his conviction" with his claim, but, under *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff was barred from bringing a § 1985 or § 1983 action until his criminal conviction was set aside. *Id.* at 3. The Court agreed, adopted the Report and Recommendations of the Magistrate Judge, and dismissed Hill's complaint. Doc. #9.

Thereafter, Plaintiff filed an "Objection and Motion for Relief from the Court's Orders of 9-25-2012" (Doc. #12), currently pending before the Court. The Magistrate Judge interpreted Plaintiff's motion as a Motion under Civil Rule 59(e) to Alter or Amend Judgment. Doc. #13 at 1. In Plaintiff's Motion, he criticizes the Court's characterization of his claim as arising under 42 U.S.C. § 1985. Doc. #12. He asserts that, because he is the Plaintiff, and master of the complaint, the Court had no right to "hypothesize" that he is a prisoner (even though, in fact, he is) or the law under which his claim arises. *Id.*

However, as the Magistrate Judge points out, Plaintiff fails to state any actual statutory basis for his claim. Doc. #13 at 2. Thus, there is no "clear error of law" that would justify sustaining his motion under Rule 59(e). The Magistrate Judge also explains how he came to construe the claim under §1985, and, in the absence of any other law that might apply to Plaintiff's claim, recommends overruling the motion. Doc. #13 at 2.

Plaintiff filed an Objection to the Report and Recommendations. Doc. #14. Therein, he objects to the treatment of his motion under Rule 59(e), and states that "[m]y specific objection is that no substantive law is on file in the record of the instant case in federal court." *Id.* at 1. The Court interprets this statement as an assertion that the lack of a factual record before the Court precludes it from applying substantive law to Plaintiff's claim; and that Plaintiff interprets the effect of the dismissal as an application of substantive law to his claim. This is not accurate, however, because his claim was dismissed without prejudice. Doc. #9.

3

Plaintiff believes that the dismissal works a manifest injustice, but provides no actual basis for resuscitating his claim, such as identifying under what law it might arise. He criticizes the Court for construing the county judge, prosecutor, and public defender named in his Complaint as state officials, (incorrectly) asserts that he is not a prisoner, and claims that he is not challenging the lawfulness of his conviction. Again, these arguments largely attack the reasoning behind the dismissal of Plaintiff's complaint when his claim was construed as arising under § 1985. With no other cognizable basis for relief articulated in Plaintiff's Objections, the Court adopts the Magistrate Judge's Report and Recommendations in full, and accordingly OVERRULES Plaintiff's Objections (Doc. #14) thereto.

Plaintiff's post-judgment motion (Doc. #12) is DENIED. The above-captioned case shall remain terminated upon the Court's docket.

Plaintiff is DENIED leave to appeal *in forma pauperis*, given that any appeal from this Court's judgment would be objectively frivolous.

Date: March 21, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE